# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2455

_____

Ronald Green,

            Appellant,

v.

Gene Stubblefield,

            Appellee.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the Eastern
\*   District of Missouri
\*
\*      [UNPUBLISHED]
\*

_____

Submitted: July 26, 2001

Filed: August 6, 2001

_____

Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Ronald Green appeals from the final judgment entered in the District Court[1] for the Eastern District of Missouri dismissing his 28 U.S.C. § 2254 petition. The district court granted a certificate of appealability on two issues: (1) the trial court erred in overruling his challenge to the prosecutor's use of peremptory strikes under Batson v. Kentucky, 476 U.S. 79 (1986), and (2) he received ineffective assistance of appellate

_____

[1] The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

counsel when his counsel failed to challenge the sufficiency of the evidence. For the reasons discussed below, we affirm the judgment of the district court.

We agree with the district court that there is no clear and convincing evidence that the prosecutor's reasons for striking the two venirepersons at issue were pretextual. See 28 U.S.C. § 2254(e)(1) (factual determinations made by state court are presumed to be correct, and may be rebutted only by clear and convincing evidence); Shurn v. Delo, 177 F.3d 662, 665 (8th Cir.) (prosecutor's motive in excluding jurors is question of fact), cert. denied, 528 U.S. 1010 (1999); Carter v. Hopkins, 151 F.3d 872, 874-75 (8th Cir.) (if petitioner makes prima facie showing of purposeful discrimination in prosecutor's use of peremptory strikes, burden shifts to prosecutor to articulate race-neutral explanations for strikes, which petitioner may show was pretextual), cert. denied, 525 U.S. 1007 (1998).

Also, Green has failed to show that his appellate counsel's performance was objectively unreasonable and that there is a reasonable probability the outcome of his appeal would have been different if counsel had challenged the sufficiency of the evidence. See Armstrong v. Gammon, 195 F.3d 441, 444 (8th Cir. 1999), cert. denied, 529 U.S. 1092 (2000). Viewing the evidence in the light most favorable to the verdict, we conclude a rational jury could have found beyond a reasonable doubt that Green possessed cocaine: a detective testified that he saw Green drop a bag containing cocaine after two police officers had identified themselves to him, and that he also found cocaine on Green's person during the ensuing patdown search. See State v. Chaney, 967 S.W.2d 47, 52 (Mo.) (en banc) (standard for reviewing sufficiency of evidence), cert. denied, 525 U.S. 1021 (1998).

Accordingly, we affirm the dismissal of the petition. We also grant counsel's motion to withdraw and deny Green's motions for judgment on the pleadings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.